# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| DURA AUTOMOTIVE SYSTEMS, INC., ) et al.,[1] ) | Case No. 06-11202 (KJC) |
| ) | Jointly Administered |
| Debtors ) | |
| _____ ) | |
| ) | |
| DURA AUTOMOTIVE SYSTEMS, INC., ) et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Adv. No. 08-_____ (___) |
| ) | |
| ADA TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS AND OBJECTION TO CLAIMS PURSUANT TO 11 U.S.C. §§ 502(d)**

Dura Automotive Systems, Inc. and its affiliated reorganized debtors and debtors in possession (collectively, "Plaintiffs" or "Debtors"), by and through their undersigned

---

[1] The Debtors are the following entities: Adwest Electronics, Inc.; Atwood Automotive, Inc.; Atwood Mobile Products, Inc.; Automotive Aviation Partners, LLC; Creation Group Holdings, Inc.; Creation Group Transportation, Inc.; Creation Windows, Inc.; Creation Windows, LLC; Dura Aircraft Operating Company, LLC; Dura Automotive Canada ULC; Dura Automotive Systems (Canada), Ltd.; Dura Automotive Systems Cable Operations, Inc.; Dura Automotive Systems of Indiana, Inc.; Dura Automotive Systems, Inc.; Dura Brake Systems, LLC; Dura Cables North LLC; Dura Cables South LLC; Dura Canada LP; Dura Fremont LLC; Dura Gladwin LLC; Dura Global Technologies, Inc.; Dura GP; Dura Holdings Canada LP; Dura Holdings ULC; Dura Mancelona LLC; Dura Ontario, Inc.; Dura Operating Canada LP; Dura Operating Corp.; Dura Services LLC; Dura Shifter LLC; Dura Spicebright, Inc.; Kemberly, Inc.; Kemberly LLC; Mark I Molded Plastics of Tennessee, Inc.; Patent Licensing Clearinghouse LLC; Spec-Temp, Inc.; Trident Automotive Canada Co.; Trident Automotive, LLC; Trident Automotive, LP; Trident Automotive, Ltd.; Universal Tool & Stamping Co., Inc. (collectively, the "Debtors").

counsel, hereby allege as follows for their complaint against ADA Technologies, Inc. (the "Defendant"):

## NATURE OF THE ACTION

1.  This is an adversary proceeding brought pursuant to Part VII of the Federal Rules of Bankruptcy Procedure to avoid and recover certain preferential transfers made by Plaintiffs to Defendant and for related relief. The Plaintiffs seek entry of a judgment avoiding and recovering the transfers at issue pursuant to 11 U.S.C. §§ 547 and 550, and disallowing any claim of the Defendant pursuant to 11 U.S.C. § 502(d) until the Defendant pays the transfers in full to the Plaintiffs.

## BACKGROUND AND PARTIES

2.  On October 30, 2006 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), with the United States Bankruptcy Court for the District of Delaware (the "Court").

3.  On May 12, 2008, the Debtors filed *The Debtors' Revised Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (With Further Technical Amendments)* [Docket No. 3317 (the "Plan"). The Court confirmed the Plan on May 13, 2008, entering the *Order Confirming Debtors' Revised Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 3332]. The effective date of the Plan was June 27,

2

2008 (the "Effective Date"). See *Notice of Effective Date and Final Fee Application Deadline* [Docket No. 3518].

4. Pursuant to the Plan, all Causes of Action (as defined in the Plan), including claims brought pursuant to §§ 547 and 550 of the Bankruptcy Code, vested in Plaintiffs as of the Effective Date.

5. Upon information and belief, Defendant is either a corporation, partnership, governmental unit, individual, or entity, who transacted business in the United States with the Debtors and who received one or more transfers from the Debtors. Prior to the Petition Date, the Defendant did business with one or more of the Debtors.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

8. This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B), (F) and (O).

## THE TRANSFERS

9. One or more of the Debtors made one or more transfers of an interest in property of the Debtors in an aggregate amount not less than the amount set forth in *Exhibit A* hereto on or within 90 days before the Petition Date (the "Preference

3

Period"). The transfers are listed on the summary attached as **Exhibit A** and are incorporated by reference.

10. Exhibit A reflects Plaintiffs' current knowledge of the transfers made to the Defendant during the Preference Period. During the course of this proceeding, Plaintiffs may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. Plaintiffs' intention is to avoid and recover all such transfers, regardless of whether or not such transfers presently are reflected on Exhibit A. Collectively, all transfers made by Debtors of an interest of Debtors in property to or for the benefit of Defendant during the Preference Period (whether such transfers presently are reflected in Exhibit A or not) are referred to herein as the "Transfers".

## COUNT I

### (Avoidance of Preferential Transfers)

11. Plaintiffs reallege and incorporate by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

12. At the time of each of the Transfers, the Defendant was a creditor of the Debtors within the meaning of 11 U.S.C. § 101(10)(A).

13. The Transfers were to or for the benefit of the Defendant.

14. The Transfers were for, or on account of, an antecedent debt owed by the Debtors before the Transfers were made.

15. The Transfers were made while the Debtors were insolvent.

16. The Transfers were made on or within ninety (90) days before the Petition Date; or between ninety days and one year before the Petition Date, if the Defendant at the time of such transfer was an insider.

17. The Transfers enabled the Defendant to receive more than it would have received in a case under Chapter 7 of the Bankruptcy Code, if the Transfers had not been made, and if the Defendant received payment of the antecedent debt to the extent provided by the provisions of Title 11 of the United States Code.

18. Pursuant to 11 U.S.C. § 547(b), the Transfers are avoidable as preferential transfers.

## COUNT II

### (Recovery of Avoided Transfers)

19. Plaintiffs reallege and incorporate by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

20. Defendant was the initial transferee of the Transfers, or the entity for whose benefit the Transfers were made, or the

immediate or mediate transferee of the initial transferee receiving such Transfers.

21. Plaintiffs are entitled to recover the value of each of the Transfers, plus interest from the date of demand, pursuant to Section 550(a) of the Bankruptcy Code.

## COUNT III

### (Disallowance of Claims)

22. Plaintiffs reallege and incorporate by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

23. Defendant has not paid to the Plaintiffs the Transfers and, as such, any claim which it has must be disallowed pursuant to 11 U.S.C. § 502(d) pending payment in full of the Transfers to the Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against the Defendant as follows:

A. Declaring that the Transfers made to the Defendant are preferential and are avoidable;

B. Avoiding and setting aside such Transfers as preferential;

6

C. Directing the Defendant to pay to Plaintiffs the amount of the Transfers, together with pre-judgment and post-judgment interest and the Plaintiffs' costs; and

D. Granting to Plaintiffs all other relief as is just and proper.

Dated: October 28, 2008  
Wilmington, Delaware

Respectfully submitted,

/s/ Marcos A. Ramos  
Daniel J. DeFranceschi (No. 2732)  
Marcos A. Ramos (No. 4450)  
Jason M. Madron (No. 4431)  
Lee E. Kaufman (No. 4877)  
RICHARDS, LAYTON & FINGER, P.A.  
One Rodney Square  
920 N. King Street  
Wilmington, Delaware 19801  
Telephone: (302) 651-7700  
Facsimile: (302) 651-7701

- and -

Judy A. O'Neill  
Ann Marie Uetz  
FOLEY & LARDNER LLP  
One Detroit Center  
500 Woodward Avenue, Suite 2700  
Detroit, MI 48226-3489  
Telephone: (313) 234-7100  
Facsimile: (313) 234-2800

*Attorneys for Plaintiffs*